| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ALEXIS YARBROUGH, §
§
    Plaintiff, §
§
*versus* §    CIVIL ACTION NO. 1:24-CV-232
§
L&B TRANSPORT, LLC, and WILSON §
RICHARD, §
§
    Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Wilson Richard ("Richard") and L&B Transport, LLC's ("L&B") (collectively "Defendants") Motion to Compel Responses and Document Production from Plaintiff Alexis Yarbrough ("Yarbrough") (#22). Yarbrough did not file a response. Having considered the pending motion, the submissions of the Defendants, and the applicable law, the court is of the opinion that Defendants' motion should be granted.

I.   <u>Background</u>

On February 14, 2025, Defendants served their First Request for Production and First Set of Interrogatories on Yarbrough. Yarbrough failed to respond timely to either discovery request. On May 13, 2025, Defendants sent Yarbrough a letter requesting the discovery responses by May 23, 2023. On May 28, 2025, counsel for Defendants spoke to counsel for Yarbrough via telephone and agreed to extend the discovery deadline, requesting responses by May 30, 2025. This agreement was then memorialized through email. When Yarbrough again failed to respond to the requests, Defendants filed the current Motion to Compel Discovery Responses and

Document Production from Plaintiff (#22) on June 2, 2025.  Yarbrough failed to file a response to Defendants' Motion to Compel and has yet to respond to the discovery requests.

II.     Analysis

"Parties may obtain discovery regarding any nonprivileeged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1).  "Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Sheild of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018); (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990)).  "The United States Court of Appeals for the Fifth Circuit has further commended the Texas Lawyers' Creed's command that an attorney 'will not resist discovery requests which are not objectionable and will not make objections . . . for the purpose of delaying or obstructing the discovery process, and the Court of Appeals observed that the spirit of the Federal Rules of Civil Procedure is served by adherence to similar principles of professionalism and civility.'" *Heller v. City of Dallas*, 303 F.R.D. 466, 476 (N.D. Tex. 2014) (quoting *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1486).

Under Rule 33(b)(2) of the Federal Rules of Civil Procedure, a party is required to serve a copy of the answers and objections, if any, within 30 days of being served with interrogatories.  FED. R. CIV. P. 33(b)(2).  Additionally, under Rule 34(b)(2)(A) a party is required to respond in writing within 30 days of being served a with a request for production.  FED. R. CIV. P. 34(b)(2)(A).  In terms of the substance of discovery, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully under oath." FED. R. CIV. P. 33(b)(3).  If a

party objects to an interrogatory, that objection "must be stated with specificity." FED. R. CIV. P. 33(b)(4).  "In the Fifth Circuit, a party who opposes its opponent's request for production [must] show specifically how . . . each [request] is not relevant." *Maiden Biosciences, Inc. v. Document Sec. Sys. Inc.*, No. 3:21-CV-327-D, 2022 WL 7662658, at *2 (N.D. Tex. Oct. 13, 2022).  Additionally, requests for documents must describe with particularity each item to be inspected, and objections to requests must be specific and state if any documents "are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(1)(A), (b)(2)(B), (b)(2)(C).  If a party fails to answer an interrogatory or to produce a document in compliance with these guidelines, the other party may move to compel an answer, designation, or production.  FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv).

    Here, Yarbrough has not responded to Defendants' motion alleging that Yarbrough has failed to respond to Defendants' discovery request, as required by the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 33(b) ("The interrogatories must be answered."); FED. R. CIV. P. 34 ("The party to whom the request is directed must respond . . . .").  Defendants maintain that they served Yarbrough with a set of interrogatories and a production request on February 14, 2025.  Accordingly, responses were due March 17, 2025.  FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A).  Defendants contend that they have yet to receive responses to their discovery requests.  With nothing in the record to contradict Defendants' claims, the court determines that Defendants' motion to compel should be granted.  Moreover, because Yarbrough has failed to respond to Defendants' discovery requests or to seek a timely extension, all objections to Defendants' Interrogatories and Requests for Production are waived.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (stating that "as a general rule, when a party fails to object timely

to interrogatories, production requests, or other discovery efforts, objections thereto are waived"); *accord Pappion v. Phillips 66 Co.*, No. 2:19-CV-01098, 2025 WL 1727042, at *2 (W.D. La. June 20, 2025).

III.   Conclusion

In accordance with the foregoing analysis, Defendants' Motion to Compel Responses and Document Production from Plaintiff (#22) is GRANTED. Yarbrough must respond to Defendants' First Set of Interrogatories and First Request for Production on or before July 10, 2025.

SIGNED at Beaumont, Texas, this 3rd day of July, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE